UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | NOS. CR-07-2060-LRS-1 |
| Respondent, ) | CV-08-3082-LRS |
| ) | |
| -vs- ) | |
| ) | ORDER DENYING 28 U.S.C. §2255 |
| SALVADOR URENA-MENDEZ, ) | MOTION |
| ) | |
| Petitioner. ) | |

Before the Court is Petitioner's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed September 5, 2006 (Ct. Rec. 100, CR-07-2060-LRS-1, Ct. Rec. 1, CV-08-3082-LRS). The Motion is submitted by Salvador Urena-Mendez, who is appearing *pro se* for the purposes of these proceedings. Additionally, Mr. Urena-Mendez has filed a Memorandum in Support of 28 U.S.C. § 2255 Motion (Ct. Rec. 101).

**I. BACKGROUND**

Mr. Urena-Mendez was indicted on May 15, 2007 for Conspiracy to Distribute A Controlled Substance in violation of 21 U.S.C. §846; Distribution of a Controlled Substance–Heroin in violation of 21 U.S.C. §841(a)(1); and Possession With Intent to Distribute a Controlled Substance in violation of 21 U.S.C. §841(a)(1). Mr. Urena-Mendez pleaded guilty to Count 3 of the Indictment on October 11, 2007, with a written plea agreement. On

ORDER - 1

march 19, 2008, Mr. Urena-Mendez was sentenced to a 168-month term of imprisonment with eight years supervised release; and a special assessment of $100. Mr. Urena-Mendez did not file a direct appeal of his judgment and/or sentence. Mr. Urena-Mendez contends that his sentence is unconstitutional based on one ground: ineffective assistance of counsel. Ct. Rec. 100, at 5.

## II. DISCUSSION

28 U.S.C. § 2255 provides, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A petitioner is entitled to an evidentiary hearing on the motion to vacate his sentence under 28 U.S.C. § 2255, unless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief. This inquiry necessitates a twofold analysis: (1) whether the petitioner's allegations specifically delineate the factual basis of his claim; and, (2) even where the allegations are specific, whether the records, files and affidavits are conclusive against the petitioner. *United States v. Taylor*, 648 F.2d 565, 573 (9th Cir.), cert. denied, 454 U.S. 866 (1981) (internal quotations, citations and footnote omitted).

This Court has carefully reviewed the record and, for the reasons set forth more fully below, concludes Petitioner is not entitled to an

evidentiary hearing. A habeas corpus petitioner is entitled to an evidentiary hearing in federal court if he alleges facts which, if proven, would entitle him to habeas corpus relief. *Smith v. Singletary*, 170 F.3d 1051, 1053-54 (11th Cir.1999) (citation omitted); *Cave v. Singletary*, 971 F.2d 1513, 1516 (11th Cir.1992) (citing *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963)). Here, the pertinent facts of the case are fully developed in the record before the Court. *Smith*, 170 F.3d at 1054 (stating that a district court does not need to conduct an evidentiary hearing "if it can be conclusively determined from the record that the petitioner was not denied effective assistance of counsel"). No evidentiary proceedings are required in this Court. *High v. Head*, 209 F.3d 1257, 1263 (11th Cir.2000) (citing *McCleskey v. Zant*, 499 U.S. 467, 494, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991)), *cert. denied*, 532 U.S. 909, 121 S.Ct. 1237, 149 L.Ed.2d 145 (2001).

Further, the statute provides that only if the motion, file, and records "conclusively show that the movant is entitled to no relief" may the Court summarily dismiss the Motion without sending it to the United States Attorney for response.  28 U.S.C. § 2255.  The Rules regarding section 2255 proceedings similarly state that the Court may summarily order dismissal of a § 2255 motion without service upon the United States Attorney only "if it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court." Rule 4(a), RULES-SECTION 2255 PROCEEDINGS.  Thus, when a movant fails to state a claim upon which relief can be granted or when the motion is

incredible or patently frivolous, the district court may summarily dismiss the motion. *Cf. United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989); *Marrow v. United States,* 772 F.2d 525, 526 (9th Cir. 1985).

**GROUND ONE-INEFFECTIVE ASSISTANCE OF COUNSEL**

    Mr. Urena-Mendez alleges that his attorney Mr. Bevan Maxey deprived him of his constitutional right to effective assistance of counsel.  In support of this allegation, Mr. Urena-Mendez states that Mr. Maxey failed to present the issues and merely cooperated with the U.S. Attorney.  More specifically, Mr. Urena-Mendez states Mr. Maxey did not object to the base offense level of 34 and the two-point enhancement for a firearm that was not charged in count three of the indictment.  At the very least, Mr. Urena-Mendez argues, his attorney should have argued for the 60 month mandatory minimum sentence of 21 U.S.C. §841(a)(1)(B)(I), which is what he pleaded guilty to (Count 3). Mr. Urena-Mendez states that his total offense level should have been26, Criminal History Category I, which provides for a Guideline Range of 63-78 months.  With a 3- level reduction for timely acceptance of responsibility, his Guideline range should have been 46-57 months, which is well below the sentence of 168 months he received.

    The Court rejects Mr. Urena-Mendez's argument, and concludes that defense counsel's performance was not deficient.  There is no showing that counsel's efforts were not those of a reasonably competent practitioner or that he failed to present any issues raised by Mr. Urena-Mendez. For example, the Base Offense Level was calculated based on the amount of drug(s) found in possession of the Defendant.  The

ORDER - 4

Pursuant to U.S.S.G. § 2D 1.1(b)(1), if a dangerous weapon was possessed, a two-level increase is applied. It is of no moment that Count 3 did not include reference to a firearm. Petitioner's argument that the incorrect Guideline range was used is without merit. Similarly, Petitioner's allegation that Mr. Maxey "cooperated with the U.S. attorney" is, in the sense that somehow he helped the prosecution cause a higher sentence to be imposed, devoid of substance and is not supported by the record.

In addressing the issue of ineffective assistance of counsel, the Court is guided by the now-familiar construct of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), which the petitioner acknowledges is the relevant standard. As required by that analytical framework:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Id. at 687.

Establishing these two elements is not easy: "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Waters v. Thomas*, 46 F.3d 1506, 1511 (11th Cir.1995) (*en banc*) (*quoting Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir.1994)).

ORDER - 5

In *Groseclose v. Bell*, 130 F.3d 1161, 1167 (6th Cir.1997), discussing the first prong of the *Strickland* analysis, the Sixth Circuit recognized:

> The [Supreme] Court cautioned that in undertaking an ineffective-assistance review, "[j]udicial scrutiny of counsel's performance must be highly deferential," and must avoid the "second-guess[ing of] counsel's assistance ..., [as] it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Strickland*, 466 U.S. at 689. In order to avoid "the distorting effects of hindsight," a reviewing "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that . . . the challenged action 'might be considered sound trial strategy.' " *Id*. (citation omitted).

Furthermore, in evaluating the prejudice suffered by a petitioner as a result of alleged ineffective assistance of counsel, "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693. Indeed, "[v]irtually every act or omission of counsel would meet that test, and not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding." Id. (citation omitted). Rather, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694. Petitioner does not attempt to show this.

ORDER - 6

Finally, in conducting this inquiry, we need not apply *Strickland*'s principles in a mechanical fashion. As the Supreme Court explained:

> [A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.

*Id*. at 697.

The Court begins its review by either determining whether counsel's performance was deficient, or by determining any possible prejudice suffered by Mr. Urena-Mendez. In either event, the result in this case is identical.

Even assuming arguendo deficient performance by defense counsel, Petitioner has not shown prejudice. Under the prejudice prong of the inquiry, Petitioner "must affirmatively prove prejudice by showing that counsel's errors actually had an adverse effect on the defense." *United States v. Freixas*, 332 F.3d 1314, 1320 (11th Cir.2003). This showing requires "more than some conceivable effect on the outcome of the proceeding." *Id.* Here, Petitioner has not shown that a reasonable probability exists that the outcome of the case would have been different if his lawyers had given the assistance that Petitioner suggests he should have provided. This ineffectiveness claim is without merit. The Court finds that the Petitioner has not provided any evidence to convince this Court that his constitutional rights were violated.

The Petitioner is not entitled to an evidentiary hearing on the motion to vacate his sentence under 28 U.S.C. § 2255. Additionally, the Court summarily dismisses the Motion without sending it to the United States Attorney for response. Accordingly,

**IT IS ORDERED** that:

1. Mr. Urena-Mendez's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed December 18, 2008 **(Ct. Rec. 100**, CR-07-2060-LRS-1; **Ct. Rec. 1**, CV-08-3082-LRS) is **DENIED**.

2. The District Court Executive is directed to:

    (a) File this Order;

    (b) Provide a copy to Petitioner **AND TO** the United States Attorney, Spokane, Washington; and

    (c) **CLOSE THESE FILES**.

**DATED** this 27th day of March, 2009.

*S/ Lonny R. Suko*

LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER - 8